## CITY OF MIAMI v. CASON, et al.
### No. 4984.

Circuit Court, Dade County, Criminal Appeal.
February 7, 1961.

Walter E. Gwinn, Miami, for appellants.

John G. Thomas, Ass't. City Attorney, for appellee.

FRANCIS J. CHRISTIE, Circuit Judge.

It appears that on April 29, 1960, certain members of the Miami police department were proceeding along an "alley way" that ran adjacent to and over residential property located at 3760 Percival Ave., Coconut Grove, Miami. It further appears that the police officers peered through the window of said residence and observed the appellants engaged in what the officers construed as being a violation of the City of Miami lottery ordinances. It further appears that the officers then entered the premises, without warrant, and searched a bedroom and seized part of the evidence; the officers thereupon arrested the appellant, Blanchie Harvey, and charged her with the possession of lottery paraphernalia thus seized. It appears that the officers then approached the appellant, Chandler Cason, and removed from his person certain lottery paraphernalia, without warrant, and without his consent. Thereupon, the appellant, Cason, was arrested and charged with the possession of the evidence thus seized.

Both appellants came on for trial on May 12, 1960 in the municipal court of Miami. Appellants duly made their motion to suppress the evidence on the grounds that the search, seizure and arrest were unlawful and in violation of section 22 of the con-

stitution of the state of Florida and in further violation of the Florida statutes. The testimony on the motion and the trial were combined and testimony was taken. At the conclusion of the motion and trial, the trial court denied the appellants' motion to suppress the evidence, found both appellants guilty as charged and sentenced each appellant to serve thirty days in the city jail of Miami. Appellants then moved for a new trial. Said motion was denied. From the judgments and sentences imposed, the appellants appealed.

The uncontradicted testimony appearing in the record, and stipulated by counsel for the city and counsel for the appellants, shows that the seizure of the evidence was made prior to the arrest of the appellants. It is upon this point that this court must reverse the judgments and sentences entered as to both appellants by the trial court.

It is well settled that searches and seizures of houses are not permissible without a proper warrant being duly issued, except that reasonable searches and seizures may be allowed as an incident to a lawful arrest. The essential factor is that the arrest be a lawful one and that the arrest precede the search and seizure.

In the case at bar, it clearly appears that the search and seizure was not incidental to the lawful arrests of the appellants, but to the contrary, it appears that the arrests were incidental to the search and seizure.

The evidence illegally seized before the arrest of the appellants was not admissible in evidence against them and should have been suppressed. Without the evidence thus illegally seized, a conviction could not have been had in the case at bar. It is, therefore, the judgment and order of this court that the judgments and sentences appealed from are hereby reversed.